1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RICHARD BLANCHARD,                    2:12-CV-2203 JCM (PAL)

                Plaintiff(s),

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, et al.,

                Defendant(s).

**ORDER**

Presently before the court is defendant Quality Loan Services Corp.'s ("Quality") motion to dismiss.  (Doc. # 4).  *Pro se* plaintiff Richard Blanchard filed a response in opposition, (doc. # 10), and defendant Quality filed a reply (doc. # 11).  Defendant Federal National Mortgage Association ("Fannie Mae") filed a joinder to defendant Quality's motion to dismiss (doc. # 9), and a joinder to defendant Quality's reply to plaintiff's response (doc. # 12).

Also before the court is plaintiff's motion for an order to show cause. (Doc. # 14). Defendant Quality filed a response in opposition (doc. # 15), and plaintiff did not file a reply.

**I.    Background**

Plaintiff Richard Blanchard is the former owner of property located at 2503 Vegas Vic Street, Henderson, Nevada ("the property").  The property was financed through a note and deed of trust promising to repay $360,000.00 in monthly installments to The Mortgage Store of Denver. (Doc. #

**James C. Mahan**
**U.S. District Judge**

1    4-1).[1]  On September 8, 2006, the deed of trust was recorded. (Doc. # 4-1).  On September 26, 2006,

2    the Mortgage Store of Denver recorded an assignment in favor of JP Morgan Chase Bank.  (Doc. #

3    4-2).

4         On November 15, 2010, JP Morgan Chase Bank recorded an assignment of the deed of trust

5    in favor of Mortgage Electronic Systems, Inc. ("MERS").  (Doc. # 4-3).  On February 4, 2011,

6    MERS recorded an assignment of the deed of trust in favor of Fannie Mae.  (Doc. # 4-4).  On

7    February 14, 2011, Fannie Mae recorded a substitution of trustee and appointed Quality as the

8    foreclosure trustee.  (Doc. # 4-5).  On February 18, 2011, Quality commenced the foreclosure

9    process by recording a notice of default and election to sell.

10        Plaintiff has now filed three lawsuits related to this property and this foreclosure process.

11   On June 9, 2011, plaintiff filed an action in state court against Quality and others, arguing defects

12   in Quality's foreclosure process.  *See Blanchard v. JP Morgan Chase Bank*, no. 2:11-cv-1127-JCM,

13   2012 WL 5198468 (D. Nev. Oct. 18, 2012).  The sale of the property was postponed.  *Id.*

14        Defendants removed the first action to this court.  *Id.*  This court dismissed the case because

15   plaintiff failed to disclose the prepetition causes of action in his bankruptcy matter and was therefore

16   estopped from bringing his claims.  *Id.* at *5-6.

17        On December 21, 2012, Quality recorded another notice of sale, scheduling the sale for

18   January 9, 2013. (Doc. #4-7).  Fannie Mae purchased the property at an auction on January 9, 2013.

19        On December, 27, 2012, plaintiff filed the instant action, and second overall action, against

20   Fannie Mae and Quality alleging virtually all of the same claims which were advanced in the first

21   litigation. (Doc. #1). On February 7, 2013, plaintiff filed a third action against Fannie Mae, Quality,

22   and Pite Duncan, LLP., case number 2:13-cv-00214-JCM-PAL. On February 28, 2013, Quality filed

23   a motion to consolidate the third case with the instant case.  (Doc. #19).

24

25        [1] Defendants request that the court take judicial notice of exhibits attached to their motion to dismiss. (Doc.

26   # 4). Pursuant to Fed.R.Evid. 201, a court may judicially notice matters of public record. *Mack v. S. Bay Beer Distrib.*,
     798 F.2d 1279, 1282 (9th Cir. 1986); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861,

27   866 n.1 (9th Cir. 2004). Therefore, the court judicially notices all of the following properly recorded documents: the deed
     of trust; the assignments of the deed of trust; substitutions of trustee under the deed of trust; notices of default and

28   election to sell; this court's prior orders in cases involving this property with this plaintiff.

James C. Mahan
U.S. District Judge

On April 16, 2013, Magistrate Judge Peggy Leen granted the motion to consolidate (doc. # 19) and the motion to stay discovery (doc. # 21).  Because the motion to consolidate has been granted, the order in this case will dispose of the third case, case number 2:13-cv-00214-JCM-PAL.

**II.     Legal Standard**

The legal standards for claim preclusion, res judicata, and issue preclusion, collateral estoppel, are both relevant to resolve the instant motion to dismiss.

*A.     Claim Preclusion*

Claim preclusion, also referred to as res judicata, "provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra Pres. Counsel, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal citations and quotations omitted).  "A final judgment on the merits of an action precludes the parties or their privies form relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 453 U.S. 394, 398 (1981).  "The doctrine of res judicata is meant to protect parties against being harassed by repetitive actions." *Bell v. United States*, no. CV F 02-5077, 2002 WL 1987395, at *4 (E.D. Cal. June 28, 2002).

"Claim preclusion requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between the parties." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

As to the identity of claims requirement, a court is to apply the following four criteria: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Id.*; *Tahoe-Sierra*, 322 F.3d at 1078 ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action.").

*B.     Issue Preclusion*

"Claim preclusion and issue preclusion are related doctrines used to protect the finality of

1   decisions and prevent the proliferation of litigation." *Littlejohn v. United States*, 321 F.3d 915, 919

2   (9th Cir. 2003).  "The two doctrines are based on the same general principle: After a claim or issue

3   is properly litigated, that should be the end of the matter for the parties to that action.  Although the

4   two doctrines are related, they protect distinct values and may be used in different ways."  *Id.*

5       "The doctrine of issue preclusion prevents relitigation of all issues of fact or law that were

6   actually litigated and necessarily decided in a prior proceeding." *Robi v. Five Platters, Inc.*, 838 F.2d

7   318, 322 (9th Cir. 1988); *Littlejohn*, 321 F.3d at 923 ("Issue preclusion bars the relitigation of issues

8   actually adjudicated in previous litigation between the same parties.").  "A party invoking issue

9   preclusion must show: (1) the issue at stake is identical to an issue raised in the prior litigation; (2)

10   the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the

11   prior litigation must have been a critical and necessary part of the judgment in the earlier action."

12   *Littlejohn*, 321 F.3d at 923.

13   **III.     Discussion**

14       Defendants contend plaintiff's current suit is barred by res judicata because the claims

15   asserted by plaintiff have already been adjudicated by this court in a prior action.  (Doc. # 4).

16   However, plaintiff alleges the issues raised in this and the previous suit are not identical, the issues

17   were not litigated, and that a final judgment was not appropriate.  (Doc. # 10).  Plaintiff also argues

18   courts must recognize a less stringent standard for pro se litigants.  *Erickson v. Pardus*, 551 U.S. 89,

19   84 (2007).  The court agrees with defendants.

20       In this court's previous decision, the court held plaintiff was judicially estopped from

21   asserting claims surrounding the foreclosure on the property because the plaintiff did not disclose

22   the causes of action in his bankruptcy petition.  *Blanchard*, 2012 WL 5198468 , at *5-6*.  Therefore,

23   the court dismissed all fifteen causes of action in plaintiff's previous case against Quality and others

24   with prejudice.  *Id.*  This dismissal constituted a final judgment on the merits.[1]

25

26

_____

27       [1] If plaintiff disagreed with this court, the proper course of action would have been an appeal
28   to the Ninth Circuit Court of Appeals.

**James C. Mahan**
**U.S. District Judge**                                    - 4 -

1    Despite an allowance for the lower standard for *pro se* litigants as argued by plaintiff, the law

2    clearly bars a debtor from raising prepetition causes of action that were not mentioned in a debtor's

3    bankruptcy. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001); *see also*

4    *Hay v. First Interstate Bank of Kalispell*, 978 F.2d 555, 557 (9th Cir. 1992); *Coastal Plains*, 179

5    F.3d at 208 (debtor is barred from bringing claims not disclosed in its bankruptcy schedules); *Oneida*

6    *Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3d Cir. 1988) (debtor's failure to list

7    potential claims against a creditor "worked in opposition to preservation of the integrity of the

8    system which the doctrine of judicial estoppel seeks to protect," and debtor was estopped by reason

9    of such failure to disclose).

10       *A.    Claim Preclusion*

11       Applying the three-part test, the court holds that claim preclusion applies to this matter.

12   Claim preclusion bars relitigation here because: (1) plaintiff and Quality are both parties to this and

13   the previous matter; (2) the court's judgment against plaintiff regarding was clearly rooted in the law;

14   and (3) the current action asserts causes of action that are the same or substantially similar to those

15   in plaintiff's previous action against Quality.

16       These suits are based on the same event – Quality's foreclosure on the property.  As in the

17   first action, *Blanchard,* 2012 WL 5198468, plaintiff asserts damages related to alleged defects in the

18   property's foreclosure by Quality.  However, plaintiff has not properly alleged that the defendants

19   improperly foreclosed or that he was damaged by any improper foreclosure.  Therefore, because this

20   court has already issued a judgment on the merits regarding these parties, events, and causes of

21   action, the court now holds that claim preclusion bars plaintiff from relitigating this matter.

22       *B.    Issue Preclusion*

23       Plaintiff is also barred from raising issues related to the foreclosure on the property under

24   Nevada's doctrine of issue preclusion.  Plaintiff argues these are different causes of action. However,

25   issue preclusion prevents litigation where "all issues of fact or law were actually litigated."  In the

26   previous matter, the court determined that plaintiff was barred from bringing *any* prepetition cause

27   of action surrounding the foreclosure on the property.  The court had determined, as a matter of law,

28

**James C. Mahan**
**U.S. District Judge**

1   that judicial estoppel applied because plaintiff did not disclose any causes of action related to the

2   foreclosure in his bankruptcy.  Because the court has already held that judicial estoppel bars any

3   cause of action related to the foreclosure, issue preclusion bars plaintiff from bringing any action

4   against any party related to the foreclosure.  Therefore, the court holds that plaintiff has no causes

5   of action against defendants in this matter.

6   **IV.    Show Cause**

7          Plaintiff filed a motion for an order to show cause allowing for defendants to maintain

8   foreclosure actions against plaintiff in violation of NRS 107.086.  This statute proscribes additional

9   requirements for sale of owner-occupied housing under Nevada law.

10         Plaintiff is not entitled to an order to show cause the causes of action relating to wrongful

11  foreclosure have already been analyzed and dismissed with prejudice by this court.  Additionally,

12  this court has denied this exact motion by this exact plaintiff in his prior action.  *Blanchard*, 2012

13  WL 5198468, at *4.  The court denies plaintiff's motion.

14  **V.    Conclusion**

15         Accordingly,

16         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to

17  dismiss (doc. # 4) be, and the same hereby is, GRANTED and the case is dismissed with prejudice.

18         IT IS FURTHER ORDERED that plaintiff's motion for an order to show cause (doc. # 14)

19  be, and the same hereby, is DENIED.

20         IT IS FURTHER ORDERED that the clerk of the court shall enter judgment and close the

21  case.

22         DATED May 2, 2013.

23

24  _____
    UNITED STATES DISTRICT JUDGE

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 6 -